# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

April 4, 2024

*By the Court*:

| | |
|---|---|
| No. 24-1437 | |
| | Appeal from the United |
| CUTBERTO VIRAMONTES, et al., | States District Court for |
|     Plaintiffs - Appellants, | the Northern District of Illinois, |
| | Eastern Division. |
| v. | |
| | No. 1:21-cv-04595 |
| COUNTY OF COOK, et al., | |
|     Defendants - Appellees. | Rebecca R. Pallmeyer, |
| | *Chief Judge.* |

**O R D E R**

A preliminary review of the short record indicates that the order appealed from may not be a final appealable judgment within the meaning of 28 U.S. C. § 1291.

Generally, an appeal may not be taken in a civil case until a final judgment disposing of all claims against all parties is entered on the district court's civil docket pursuant to Fed. R. Civ. P. 58. *See Alonzi v. Budget Construction Co.*, 55 F.3d 331, 333 (7th Cir. 1995); *Cleaver v. Elias*, 852 F.2d 266 (7th Cir. 1988).

In the present case, as appellees note in their docketing statement, the district court dismissed the claims of plaintiff Rubi Joyal without prejudice. This is problematic. *See Lauderdale-El v. Ind. Parole Bd.*, 35 F.4th 572, 576 (7th Cir. 2022) ("[T]he phrase 'without prejudice' makes jurisdictional antennae twitch for appellate judges …."). Quite simply, a dismissal without prejudice signals to a party (and the court) that there exists an opportunity to revive the claims that were dismissed. *Id.*

Plaintiff Rubi Joyal's memorandum in support of his motion to dismiss him as a plaintiff in this case states that he "simply seeks to leave the case <u>and does not intend to bring another</u>." (Emphasis added.) Yet, plaintiff Joyal requested that his claims against

all defendants be without prejudice. Why? Such a dismissal leaves plaintiff Joyal with an opportunity to revive his claims, creating a jurisdictional issue that needs to be resolved.

Plaintiff Joyal is advised that a party's representation that he is willing to unequivocally dismiss revivable claims with prejudice will eliminate appellees' asserted jurisdictional defect. *See Palka v. Chicago*, 662 F.3d 428, 433 (7th Cir. 2011). Accordingly,

IT IS ORDERED that appellants shall file, on or before April 17, 2024, a brief memorandum stating why this appeal should not be dismissed for lack of jurisdiction. A motion for voluntary dismissal pursuant to Fed. R. App. P. 42(b) will satisfy this requirement. Briefing shall be suspended pending further court order.

NOTE: Caption document "JURISDICTIONAL MEMORANDUM." The filing of a Circuit Rule 3(c) Docketing Statement does not satisfy your obligation under this order.

-over-