# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| CUTBERTO VIRAMONTES, ET AL., *Plaintiffs-Appellants*, v. COUNTY OF COOK, ET AL., *Defendants-Appellees*. | No. 24-1437 <br><br> Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 1:21-cv-04595 <br><br> Rebecca R. Pallmeyer, *Chief Judge* |

## **JURISDICTIONAL MEMORANDUM OF PLAINTIFFS-APPELLANTS**

In this Court's order to show cause why this appeal should not be dismissed, it indicated that any potential jurisdictional defect would be cured if Plaintiff Rubi Joyal would agree to convert his dismissal to one with prejudice. *See* Order to Show Cause at 2, Doc. 8 (7th Cir. Apr. 4, 2024). Plaintiffs-Appellants' counsel has discussed the case with Joyal, and Joyal has agreed to convert his dismissal to one with prejudice, so this Court's jurisdiction is indisputably secure. *See Palka v. Chicago*, 662 F.3d 428, 433 (7th Cir. 2011). Indeed, for the reasons that follow this Court's jurisdiction would be secure even if Joyal had not agreed to convert to a with-prejudice dismissal.

Under 28 U.S.C. § 1291, this Court has jurisdiction to review "appeals from all final decisions of the district courts of the United States." That requirement is satisfied here, where the district court disposed of the entire case below by granting

1

the Defendants' motion for summary judgment and denying Plaintiff-Appellants' cross-motion. In concluding that decision, the district court directed the clerk "to enter judgment in favor of Defendants" and stated plainly that "[t]his ruling is final and appealable." Mem. Op. & Order at 14, Doc. 129 (N.D. Ill. Mar. 1, 2024) ("Mem. Op. & Order").[1] That there was another plaintiff, earlier in the case, who removed himself through a Rule 41 dismissal of his entire case without prejudice, and who was no longer a party at the time the district court entered judgment, does not undermine the district court's conclusion that its order was both final and appealable.

In considering the jurisdictional issues raised by this Court's order to show cause, it is important to consider the timeline of events in the district court. Plaintiff-Appellants Cutberto Viramontes and Christopher Khaya (together "Plaintiff-Appellant Individuals") alongside Firearms Policy Coalition, Inc. and Second Amendment Foundation (together "Plaintiff-Appellant Organizations") brought this action in the district court on August 27, 2021. *See generally* Compl., Doc. 1 (N.D. Ill. Aug. 27, 2021). When they filed their suit, Plaintiff-Appellants were joined by another Plaintiff, Rubi Joyal, who was also a member of the Plaintiff-Appellant Organizations and in the same position (a resident of Cook County who desired to possess a firearm banned by the County) as the Plaintiff-Appellant Individuals. *Id.*

---

[1] All citations to the Northern District of Illinois are to the district court docket in this case, No. 1:21-cv-04595.

¶ 41. While the discovery process was ongoing, Joyal decided he no longer wished to pursue his claims against the County and moved to dismiss his action without prejudice pursuant to Federal Rule of Civil Procedure 41. *See* Pl. Joyal's Mot. for Voluntary Dismissal, Doc. 29 (N.D. Ill. Apr. 14, 2022). The district court granted that motion. Minute Order, Doc. 34 (N.D. Ill. Apr. 25, 2022).

The remaining parties proceeded to litigate the case to completion on cross-motions for summary judgment. The district court ultimately granted the Defendants' motion and denied the motion of Plaintiff-Appellants on March 1, 2024, almost two years after Joyal had dismissed his action. *See* Mem. Op. & Order at 14. Plaintiff-Appellants filed a timely notice of appeal from that decision. Joyal, who had not been a party at the time of the district court's decision, was not listed on the notice of appeal as an appellant, and the order dismissing his claims was not appealed from.

This procedural history makes this case utterly unlike those in which dismissal, or partial dismissal, without prejudice creates a jurisdictional problem on appeal. This Court recently described the types of cases that "make[] jurisdictional antennae twitch for appellate judges and other mavens of appellate jurisdiction" because they "signal that the district court is not actually done with the case but is instead leaving an opportunity for a plaintiff or petitioner to cure a problem and to continue or revive the case in the district court." *Lauderdale-El v. Indiana Parole*

3

*Bd.*, 35 F.4th 572, 576 (7th Cir. 2022). Specifically, a jurisdictional problem arises (1) when a district court dismisses a complaint without prejudice to refiling but the dismissed party elects to appeal instead, and (2) where *some* of a party's claims are determined on the merits but others (usually of lesser importance) remain to be tried, and the party seeks to dismiss the latter to render the more important claims appealable. *Id.*

This case fits into *neither* of these scenarios, and the reasons for denying appellate jurisdiction in other cases are inapplicable here. The ordinary concern, that parties will manufacture finality prematurely in an attempt to secure appellate review, *see Microsoft Corp. v. Baker*, 582 U.S. 23, 36–37 (2017), is inverted here: how could Plaintiff-Appellants *ever* secure a final decision appropriate for appellate review if, in addition to litigating their claims completely in the district court against all Defendants, they were at the whim of a non-appealing Plaintiff who bowed out of the litigation at an earlier stage?

Plaintiffs are not aware of a single case, from this Court or any other, holding that where one plaintiff dismissed his entire case without prejudice prior to entry of judgment and the district court subsequently entered judgment against the other Plaintiffs, those other Plaintiffs have no appeal rights. At least one circuit, which has confronted this issue directly, has held it presents no barrier to appellate review. In *Dzielak v. Whirlpool Corporation*, 83 F.4th 244 (3d Cir. 2023), the Third Circuit

4

analyzed a series of jurisdictional issues regarding the finality of the district court's judgment. While some of those issues were cured by the actual appealing parties in that case disclaiming the intent to re-file certain of their earlier claims in the district court, 83 F.4th at 259, the Court did not require that for the named plaintiff who was not an appellant and had "removed himself as a party to the suit through a Rule 41 dismissal without prejudice of all of his claims against all defendants before the District Court's order disposing of all remaining claims against all remaining parties." *Id.* at 259 n.20. For that plaintiff, because he had dismissed *prior to* the district court's summary judgment order, that summary judgment order "accomplish[ed] all that the parties asked the court to accomplish" and ended the case. *Id.* (quoting *Aluminum Co. of Am. v. Beazer E., Inc.*, 124 F.3d 551, 560 (3d Cir. 1997). Put simply, the Third Circuit held that "[t]he without-prejudice nature of th[e] dismissal [did] not undermine the finality of the District Court's summary-judgment orders for purposes of this Court's appellate jurisdiction under 28 U.S.C. § 1291." 83 F.4th at 259 n.20.

Relatedly, the Fifth, Eleventh, and D.C. Circuits have developed the rule that when a plaintiff voluntarily dismisses, without prejudice, certain defendants or claims prior to litigating the remaining claims to final judgment, "the prior without-prejudice dismissals [do] not deprive the district court's subsequent decision of finality" because in such a case, the district court's final, appealable order

5

"adjudicated all the claims against all the remaining parties in the action at the time it was entered." *United States v. Eli Lilly and Co., Inc.*, 4 F.4th 255, 261 (5th Cir. 2021) (quotations omitted); *see also Shatsky v. Palestine Liberation Org.*, 955 F.3d 1016, 1026–27 (D.C. Cir. 2020) (noting that voluntary dismissal of claims against some defendants prior to entry of summary judgment did not render summary judgment unappealable because "the voluntary dismissal plainly did not foreseeably operate to render that long-into-the-future partial judgment final" and "the district court alone determined when the case was over and its order became final" (quotations omitted)); *Schoenfeld v. Babbitt*, 168 F.3d 1257, 1265–66 (11th Cir. 1999) (voluntary dismissal of claims against one defendant prior to summary judgment did not render summary judgment decision entered in the remaining defendants' favor unappealable).

These decisions are consistent with this Court's caselaw holding that what ultimately matters in determining finality is "whether the district court has finished with the case." *Hernandez v. Dart*, 814 F.3d 836, 841 (7th Cir. 2016). And here, it is hard to know what else the district court could have done to make this judgment appealable. It was resolving everything that remained before it, it explicitly stated that its judgment was both final and appealable, and the docket reflects that the case was terminated on March 1, 2024. *See* 814 F.3d at 841 (crediting "multiple indicia

that the district court was finished with the case" including statements to counsel to "take [the case] upstairs" and a docket entry stating "[c]ivil case terminated").

Indeed, declining to exercise jurisdiction is particularly inapt in this circumstance because, even if Joyal had not agreed to convert his dismissal to one "with prejudice," this appeal would for all intents and purposes resolve any future claim he could try to bring against Defendants: this Court's decision one way or the other regarding the validity of the challenged county ordinance will have a precedential effect that settles the issue. The only plaintiff-specific allegations that matter in a case like this one are those that go to standing—the particular circumstances of a plaintiff harmed by Cook County's ordinance are irrelevant to its constitutionality, *see Ezell v. City of Chicago*, 651 F.3d 684, 697 (7th Cir. 2011) ("Once standing is established, the plaintiff's personal situation becomes irrelevant."). There is nothing Joyal could have said in a future case that would distinguish his circumstances from those of the Plaintiff-Appellants here, leading to summary dismissal if Plaintiffs-Appellants are not successful in this appeal. His dismissal below, therefore, would effectively become "with prejudice" no matter what, if this Court proceeds to decide the appeal.

## CONCLUSION

For the foregoing reasons, this Court has jurisdiction to hear this appeal from the final order of the district court resolving this case on summary judgment.

Dated: April 17, 2024                    Respectfully submitted,

/s/David H. Thompson
David H. Thompson
Peter A. Patterson
William V. Bergstrom
Cooper & Kirk, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
dthompson@cooperkirk.com

*Counsel for Plaintiffs-Appellants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of April 2024, I electronically filed the foregoing document with the Clerk of the Court for the U.S. Court of Appeals for the Seventh Circuit CM/ECF system. All parties required to be served will be served via CM/ECF.

/s/David H. Thompson
David H. Thompson
*Counsel for Plaintiffs-Appellants*