No. 24-1437

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| CUTBERTO VIRAMONTES, et al., | ) Appeal from the United States |
| | ) District Court for the Northern |
| Plaintiffs-Appellants, | ) District of Illinois, Eastern |
| | ) Division |
| v. | ) |
| | ) No. 21-cv-4595 |
| THE COUNTY OF COOK, et al., | ) |
| | ) The Honorable |
| Defendants-Appellees. | ) Rebecca R. Pallmeyer, |
| | ) Judge Presiding. |

**RESPONSE TO JURISDICTIONAL MEMORANDUM**

Pursuant to this court's order of April 18, 2024, defendants-appellees submit the following response to Plaintiffs' jurisdictional memorandum of April 17, 2024.

As explained in this court's April 4, 2024 order, the fact that a claim in a case was disposed of without prejudice is jurisdictionally "problematic" because it "signals to a party (and the court) that there exists an opportunity to revive the claims that were dismissed." 7R 8 at 1.[1] Thus, by "request[ing] that his claims against all defendants be [dismissed] without prejudice," Joyal left himself "with an opportunity to revive his claims, creating a jurisdictional issue." *Id.* at 1-2. That said, this court advised Plaintiffs that Joyal could "eliminate" this issue by representing that he is

---

[1] We cite the district court record as "R. ____," and this court's record as "7R. ____."

1

willing to unequivocally dismiss his revivable claims with prejudice. *Id*. at 2.[2]

In their response, Plaintiffs assert that their counsel have discussed this matter with Joyal, who has now abandoned his former opposition to dismissal without prejudice and "agreed to convert his dismissal to one with prejudice." 7R. 9 at 1. Presuming Joyal was fully informed of the circumstances of the case, such an agreement suffices to eliminate any jurisdictional problems, *Arrow Gear Co. v. Downers Grove Sanitary Dist.*, 629 F.3d 633, 636-37 (7th Cir. 2010) (collecting authority).

Plaintiffs spend nearly the entirety of their response arguing that it should not matter here whether Joyal consents to a dismissal with prejudice. 7R 9 at 1-7. These arguments are moot if this court concludes that Plaintiffs' representations regarding Joyal's agreement to dismiss his claims with prejudice suffice to secure appellate jurisdiction.. They are also without merit. As this court has explained, the existence of a final judgment is ascertained by simply asking whether the nature of the judgment is such that litigation can still continue in the district court. *Lauderdale-El v. Indiana Parole Board*, 35 F.4th 572, 577 (7th Cir. 2022).

In sum, Joyal's fully-informed agreement to convert his dismissal without prejudice into a dismissal with prejudice should suffice to make the judgment final and appealable.

---

[2] While there are other circumstances in which a dismissal without prejudice may be treated as a dismissal with prejudice – for example, when the statute of limitations has expired, *Arrow Gear*, 629 F.3d at 636 – Plaintiffs do not argue that any such circumstances exist here. Because it is the burden of the party invoking federal jurisdiction to establish its existence, *Farnik v. FDIC*, 707 F.3d 717, 721 (7th Cir. 2013), we take no position on the existence of such circumstances here.

        Respectfully submitted,

           KIMBERLY M. FOXX
           State Attorney of Cook County

By:   */s/ JESSICA SCHELLER*
       JESSICA SCHELLER
       Division Chief, Civil Actions Bureau
       500 Richard J. Daley Center
       Chicago, Illinois 60602
       (312) 603-6934
       Jessica.Scheller@cookcountysao.org

## CERTIFICATE OF SERVICE

      I hereby certify that on April 26, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

                                                  */s/ Jessica Scheller*
                                                  JESSICA SCHELLER