# Cooper & Kirk
Lawyers
A Professional Limited Liability Company

David H. Thompson　　　　　1523 New Hampshire Avenue, N.W.　　　　　(202) 220-9600
(202) 220-9659　　　　　　　　　　　Washington, D.C. 20036　　　　　　　　Fax (202) 220-9601
dthompson@cooperkirk.com

November 8, 2024

**VIA ECF**
Christopher G. Conway
Clerk of Court
U.S. Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn Street
Room 2722
Chicago, IL 60604

　　　　Re: *Viramontes v. Cook County*, No. 24-1437

Dear Mr. Conway:

　　Plaintiffs respectfully submit *Hanson v. District of Columbia*, No. 23-7061, 2024 WL 4596783 (D.C. Cir. Oct. 29, 2024), as supplemental authority. While Plaintiffs disagree with the ultimate decision in *Hanson*, upholding the District of Columbia's ban on magazines capable of holding more than 10 rounds of ammunition, *Hanson* is nonetheless noteworthy for the way it undercuts the County's primary arguments in favor of affirmance.

　　*Hanson* split with *Bevis* and rejected the notion that an arm can be banned because it is useful to the military, noting that "[t]he Supreme Court in *Heller* did not hold … that Second Amendment protection does not extend to weapons that are 'most useful' in the military context." *Id.* at *4. This is a compelling reason to reconsider *Bevis*, as Plaintiffs have urged. *See* Pls.' Br., Doc. 14 at 19–34 (June 24, 2024); *see also United States v. Reyes-Hernandez*, 624 F.3d 405, 414 (7th Cir. 2010) (finding "ongoing debate and current circuit split are compelling reasons to revisit our precedent").

　　*Hanson* also rightly rejected historical analogues advanced by the County as "silly," 2024 WL 4596783, at *6 (gun powder storage laws), and "too generalized and … too close to the means/end scrutiny that *Bruen* rejected," *id.* (quotation marks omitted) (trap gun laws); *see also* Pls.' Reply, Doc. 43 at 28–29, 32–33 (Oct. 18, 2024).

　　*Hanson* ultimately erred in finding a tradition of banning arms that are "particularly capable of unprecedented lethality." 2024 WL 4596783, at *8. The

Christopher G. Conway
Clerk of Court
U.S. Court of Appeals for the Seventh Circuit
November 8, 2024
2 of 3

dissent, on the other hand, correctly concluded that *Heller* forbids any ban on arms in common use. *Id.* at *19 (Walker, J., dissenting); *see also* Pls.' Br. at 21. But in this case, *either* rationale supports Plaintiffs. Semiautomatic rifles are, unquestionably, in common use, *see* Pls.' Br. at 48–54, and they are not capable of "unprecedented lethality." *Hanson*, 2024 WL 4596783, at *8. Rather, they are firearms that the Supreme Court thirty years ago classified as "civilian," "commonplace," "generally available," and "traditionally … widely accepted as lawful possessions." *Staples v. United States*, 511 U.S. 600, 603, 611–12 (1994).

          */s/ David H. Thompson*
          David H. Thompson
          *Counsel for Plaintiffs-Appellants*

cc: All Counsel of Record

Christopher G. Conway
Clerk of Court
U.S. Court of Appeals for the Seventh Circuit
November 8, 2024
3 of 3

# CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Appellate Procedure 25(d), I hereby certify that on November 8, 2024, I electronically filed the foregoing document with the Clerk of the Court by using the appellate CM/ECF system. Service on counsel for all parties has been accomplished via ECF.

/s/ David H. Thompson
David H. Thompson

*Counsel for Plaintiffs-Appellants*