# Cooper & Kirk

Lawyers

A Professional Limited Liability Company

David H. Thompson            1523 New Hampshire Avenue, N.W.            (202) 220-9600
(202) 220-9659                      Washington, D.C. 20036                   Fax (202) 220-9601
dthompson@cooperkirk.com

November 11, 2024

**VIA ECF**

Christopher G. Conway
Clerk of Court
U.S. Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn Street
Room 2722
Chicago, IL 60604

Re: *Viramontes v. Cook County*, No. 24-1437

Dear Mr. Conway:

Plaintiffs respectfully submit *Barnett v. Raoul*, No. 3:23-cv-00209(L) (S.D. Ill. Nov. 8, 2024), as supplemental authority in this case. *Barnett* is one of the cases that was consolidated in *Bevis v. City of Naperville*, 85 F.4th 1175 (7th Cir. 2023). Following a trial on the merits, the district court held that the Illinois statewide ban on so-called "assault weapons" and ammunition magazines, the former of which is not materially different from the Cook County ban challenged here, is unconstitutional under *Bevis*. Op. 168. The entire opinion supports Plaintiffs in this case, but a few points are especially important.

The district court recognized that the AR-15, and the other semiautomatic rifles banned by Illinois, are not "military" weapons, Op. 108 ("[A]n AR-15 is, frankly, not at all the same weapon as the M16 rifle."), nor are they "dangerous," in a meaningful way, compared to other firearms, Op. 102. In distinguishing the semiautomatic AR-15 from the select-fire M-16, *Barnett* emphasized—as Plaintiffs have argued here—that the critical distinction between automatic and semiautomatic weapons is not the rate of fire, but the inherently less accurate nature of automatic fire: "machineguns would not necessarily be banned because of the *rapidity* with which they deliver rounds downrange, but because the average civilian operator … cannot control the weapon when fully automatic in a way that would ensure that shots are reasonably aimed." Op. 66, 102; *see* Pls.' Br. 55–56.

The district court held, as Plaintiffs have argued, that the AR-15 and similar rifles banned by Cook County are the sorts of firearms that ordinary people employ

for self-defense and are, in fact, "in common use," Op. 100; *see* Pls.' Br. 48–52, that the features that define "assault weapons," actually "make a weapon safer, easier to aim, and easier to fire, [and are] features that are well-suited for self-defense," Op. 105; *see* Pls.' Br. 43–47, and that criminal misuse of such firearms is rare, Op. 114; *see* Pls.' Br. 59–61. Taken together, these points require finding that Plaintiffs are entitled to judgment under *Bevis*.

*/s/ David H. Thompson*
David H. Thompson
*Counsel for Plaintiffs-Appellants*

cc: All Counsel of Record

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Federal Rule of Appellate Procedure 25(d), I hereby certify that on November 11, 2024, I electronically filed the foregoing document with the Clerk of the Court by using the appellate CM/ECF system. Service on counsel for all parties has been accomplished via ECF.

<u>/s/ David H. Thompson</u>
David H. Thompson

*Counsel for Plaintiffs-Appellants*