Case: 24-1437     Document: 52     Filed: 11/11/2024     Pages: 3



# OFFICE OF THE STATE'S ATTORNEY
COOK COUNTY, ILLINOIS

**KIMBERLY M. FOXX**
STATE'S ATTORNEY

500 RICHARD J. DALEY CENTER
CHICAGO, ILLINOIS 60602
(312) 603-5440

**JESSICA M. SCHELLER**
ASSISTANT STATE'S ATTORNEY

DIRECT: (312) 603-6934
FAX:    (312) 603-3000
Jessica.Scheller@cookcountyil.gov

November 11, 2024

Christopher G. Conway
Clerk of the Court
United States' Court of Appeals for the Seventh Circuit
219 S. Dearborn Street
Chicago, IL 60604

VIA E-FILING

>   *Re:*   *Viramontes v. County of Cook*, **No. 24-1437, response to letter submitted pursuant to Fed. R. App. P. 28(j).**

Mr. Conway:

     Viramontes cites *Barnett v. Raoul*, No. 3:23-cv-00209(L) (S.D. Ill. Nov. 8, 2024), as supplemental authority. 7R. 51-1. But a district court decision has weight equal only to its persuasive value, *Colby v. J.C. Penney Co.*, 811 F.2d 1119, 1124 (7th Cir. 1987), and *Barnett* has none. Most obviously, *Barnett* does not even attempt to be faithful to this court's decision in *Bevis*, but openly defies it, declaring that none of the historical examples identified by *Bevis* when applying *Bruen*'s second step "are as dispositive as the Seventh Circuit *argues*." 7R. 51-2 at 149 (emphasis added). Rather, *Barnett* simply endorses the position "Judge Brennan stated in his dissent." *Id*. If anything, *Barnett* illustrates that it is necessary to remind the district courts and Viramontes' counsel that this court's decisions are not mere *arguments* to be casually jettisoned, but binding precedents that may not be set aside except for compelling reasons. *See* County Br. 22-23. It should go without saying that merely endorsing the position taken by a dissent, but rejected by a panel majority, is not compelling reason to disregard precedent, even precedent involving preliminary injunctive relief.

     This problem aside, *Barnett* is unpersuasive on its own terms. This is most obvious in its definition of "common use" as whether a firearm "is or has been available for purchase, possession, and usage by law-abiding citizens for self-defense." 7R. 51-2 at 75

(bolding omitted). This test is wholly disconnected from the undisputed historical understanding of common use as requiring an inquiry whether it was unusual to be "armed and clad" with a weapon. County Br. 25-26 (citing *State v. Huntly*, 25 N.C. 418, 422 (1843) (per curiam); Joseph Keble, AN ASSISTANCE TO THE JUSTICES OF THE PEACE, FOR THE EASIER PERFORMANCE OF THEIR DUTY 147 (2d ed. 1689); William Lambarde, EIRENARCHA 134 (1579)). It is also bizarre – under that definition, a gun is commonly used if it has literally never been used for anything, but merely sat on a dusty store shelf, "available for purchase." That is lightyears from the historical understanding of common use, and even farther from common sense.

        Sincerely,

        KIMBERLY M. FOXX
        State's Attorney of Cook County

By:   */s/ Jessica M. Scheller*
       Jessica M. Scheller
       Assistant State's Attorney
       (312) 603-6934

## CERTIFICATE OF COMPLIANCE

I certify that the above letter complies with the word limitation provided in Fed. R. App. P. 28(j). The body of this letter, beginning with "Viramontes" and ending with "sense," contains 348 words as recorded by the word count of the Microsoft Word word-processing system used to prepare the letter.

*/s/ Jessica M. Scheller*
Jessica M. Scheller

## CERTIFICATE OF SERVICE

The foregoing response to Rule 28(j) letters has been electronically filed on November 8, 2024. I certify that I have caused the foregoing response to be served on all counsel of record via CM/ECF electronic notice on November 8, 2024.

*/s/ Jessica M. Scheller*
Jessica M. Scheller