**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 12, 2024
Decided June 2, 2025

**Before**

DIANE S. SYKES, *Chief Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 24-1437

| | |
|---|---|
| CUTBERTO VIRAMONTES, et al., *Plaintiffs-Appellants*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| v. | No. 21 CV 4595 |
| COOK COUNTY, et al., *Defendants-Appellees*. | Rebecca R. Pallmeyer, *Judge*. |

**O R D E R**

　　Cutberto Viramontes and Christopher Khaya, together with the Firearms Policy Coalition and the Second Amendment Foundation, appeal the dismissal of their constitutional challenge to Cook County's assault weapons ban. Relying on *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), they argue that the ordinance is facially invalid under the Second Amendment.

　　We addressed a similar challenge to the ordinance in a case that was before us on appeal from the denial of a preliminary injunction. *Bevis v. City of Naperville*, 85 F.4th

1175, 1185 (7th Cir. 2023). We rejected the challenge based on the record the plaintiffs had compiled at that early stage of the litigation. *Id.* at 1197. The challengers here have failed to develop a record sufficient to justify a different result. We therefore affirm.

Cook County's ordinance prohibits the possession, acquisition, and transfer of assault weapons. COOK COUNTY, ILL. CODE § 54-212(a) (2024). The law applies to a variety of firearms, including semiautomatic rifles capable of accepting large-capacity magazines and possessing certain features. *Id.* § 54-211(1). The ordinance also specifies by name some 125 prohibited rifles, such as AR-15s. *Id.* § 54-211(7). Viramontes and the other plaintiffs (we'll refer to them collectively as "Viramontes") initiated this suit in 2021 seeking declaratory and injunctive relief from the ban as it relates to semiautomatic rifles.

This is not our first encounter with Cook County's ban and others like it. In *Bevis* we addressed a set of consolidated appeals in cases challenging Illinois state and local assault-weapons bans under *Bruen*—including the Cook County ordinance at issue here. *Bevis*, 85 F.4th at 1184–87. We held that the plaintiffs had failed to show, at the preliminary-injunction stage, that the covered firearms materially differed from machineguns and military-grade weaponry, which the Supreme Court instructed can be banned under the Second Amendment. *Id*. at 1194–97, 1203.

This suit predated *Bruen* and our decision in *Bevis*, but Viramontes conceded from the outset that his claims were foreclosed by pre-*Bruen* circuit precedent—namely *Wilson v. Cook County*, 937 F.3d 1028, 1029 (7th Cir. 2019) (per curiam), and *Friedman v. City of Highland Park*, 784 F.3d 406 (7th Cir. 2015). Viramontes sought judgment on the pleadings in favor of the County, asserting that no factual development was necessary. The district judge denied the motion. The Supreme Court decided *Bruen* a few months later, and in response the judge extended discovery.

Over the following months, while the County retained expert witnesses and obtained reports to support its view of the Second Amendment's scope, Viramontes declined to do the same. Both sides then moved for summary judgment after the close of discovery. In response to the County's statement of undisputed material facts, Viramontes submitted 105 exhibits, ranging from articles to surveys, in an apparent attempt to supplement the record that he had previously elected not to build. The judge entered judgment for the County, expressing concern about the admissibility of Viramontes's eleventh-hour submissions and concluding that his claims were foreclosed by *Bevis*.

Viramontes appealed, but his challenge falters for want of an adequate record. *Bruen* instructs that Second Amendment litigation adheres to the "principle of party presentation," explaining that courts may evaluate claims "based on the historical record compiled by the parties." 597 U.S. at 25 n.6 (internal quotation marks omitted). We held in *Bevis* that it is the plaintiff's burden to demonstrate that the text of the Second Amendment, viewed through the lens of historical tradition, protects the regulated conduct. 85 F.4th at 1192, 1194.

Viramontes principally argues that we should overrule *Bevis* as inconsistent with *Heller* and *Bruen*. We require a compelling reason to revisit our precedent. *United States v. Rivers*, 108 F.4th 973, 979 (7th Cir. 2024). In the past we have identified three circumstances that satisfy this standard: (1) when a subsequent Supreme Court opinion has undermined our precedent; (2) when our own caselaw is internally inconsistent; and (3) when we find ourselves in the minority among circuits to have considered the issue. *Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907, 915 (7th Cir. 2009).

Viramontes invokes none of these reasons and instead simply disagrees with *Bevis*. But "[n]either simple disagreement with a rule nor the possibility that a rule is debatable constitutes a compelling reason" for reconsidering precedent. *Rivers*, 108 F.4th at 979. Although *Bevis* was resolved at the preliminary-injunction stage, Viramontes has not developed the arguments or record necessary to justify overruling it. *See United States v. Rush*, 130 F.4th 633, 639–40 (7th Cir. 2025) (noting that "[n]o intervening Supreme Court case has called *Bevis* into doubt" and declining to overturn it based on the arguments advanced by the challenger). Viramontes's fallback position—that the Cook County ordinance is unconstitutional under *Bevis*—fares no better. *Bevis* upheld the constitutionality of this very ordinance, at least preliminarily. 85 F.4th at 1182. Though it left open the possibility that a better-developed record might affect the final analysis, *id.* at 1197, Viramontes's failure to build an adequate record here dooms his challenge.

                                                                                                                AFFIRMED